UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JAY CHOI,

    Plaintiff,

v.

LAURA GARNETTE,

    Defendant.

Case No. 15-cv-03492-LB

**ORDER STAYING CASE**

[ECF No. 2]

## INTRODUCTION

This is a *habeas corpus* petition under 28 U.S.C. § 2254(b). (ECF No. 1.)[1] It is a "mixed" petition, meaning that petitioner Dr. Jay Choi asserts some grounds for relief that have been exhausted in the state courts, and other grounds that have not been exhausted. Dr. Choi now moves the court to stay his petition, under *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may fully exhaust his remedies in the California state courts. (ECF No. 2.) He has consented to magistrate jurisdiction. (ECF No. 7.) His present motion can be decided without oral argument. *See* Civil L.R. 7-1(b). For the reasons given below, on the conditions stated, the court grants Dr. Choi's motion and stays this case.[2]

---

[1] Record citations refer to material in the Electronic Case File ("ECF"). Pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

[2] More exactly, Dr. Choi titles his motion an "Application" to hold his federal petition "in Abeyance"

15-cv-03492-LB

**STATEMENT**

A California state jury found Dr. Choi guilty of one count of domestic violence. (ECF No. 1 at 4.) A direct appeal upheld his conviction. (ECF No. 1 at 4.) According to his federal petition, he is now on probation. (*Id.* at 4, 21.) Dr. Choi filed a timely habeas petition in California state court and, a few days later, he filed this federal petition. (ECF No. 1; ECF No. 2 at 2.)

In the incident for which he was convicted, Dr. Choi claims that he was trying to prevent his wife from physically abusing the couple's two-year-old son. (ECF No. 1 at 25-26, 33.) He claims that his wife had physically abused the couple's minor children on previous occasions, and he faults his trial lawyer for not adducing evidence of this. (*E.g., id.* at 33.) His federal petition asserts three grounds for habeas relief under the U.S. Constitution:

1) Ineffective assistance of counsel based on his trial lawyer's failure to adduce evidence that Dr. Choi knew of his wife's history of physically abusing the couple's minor children;

2) Ineffective assistance of counsel based on his trial lawyer's failure to adduce evidence that his wife had a history of abusing the children — apart from Dr. Choi's knowledge of that alleged fact; and

3) Cumulative error based on the same failures to adduce evidence.

(*See* ECF No. 1 at 5-15 (petition), 33-42 (brief).)

The first and third claims are now pending in state court. (*Id.* at 1, ¶¶ VI(kk) & VII; *see* ECF No. 2 at 1.) More specifically, on direct appeal, and in a concurrent state habeas petition,[3] Dr. Choi argued that his "[t]rial counsel was constitutionally ineffective for failing to" adduce proof that his wife "had a long history of physically abusing her young children." *People v. Choi*, Nos. H036360, H038348, 2014 WL 243405, *1 n. 2, *10, *12, *19-*20 (Cal. App. Jan. 22, 2014). The California Court of Appeal rejected that argument and the California Supreme Court later denied

---

while he exhausts state-court remedies. (ECF No. 2 at 1.) His usage comports with the case law, which generally discusses the "stay and abeyance" of mixed petitions. The court detects no substantive difference between a "stay" and an "abeyance" and simply uses the term "stay."

[3] The state habeas petition discussed in this sentence is not the one that is currently pending. Along with his direct appeal, Dr. Choi filed an initial state habeas petition that advanced the same arguments as his appeal. Except for helping to identify Dr. Choi's "fully exhausted" habeas claim (discussed in the main text), that first habeas filing is not otherwise relevant to this discussion.

15-cv-03492-LB

2

Dr. Choi's petition for review. *Id.* at *19-*20 (citing, *inter alia*, *Strickland v. Washington*, 466 U.S. 668 (1984)); (ECF No. 2 at 13) (noting denial of review).[4] This is the habeas ground that Dr. Choi describes as "fully . . . exhausted in state appellate proceedings." The court thus treats this as a mixed petition and proceeds with the *Rhines* stay analysis.

* * *

## GOVERNING LAW

The Supreme Court set the basic rules for staying mixed habeas petitions in *Rhines v. Weber*, 544 U.S. 269 (2005). The Court there sought to balance a petitioner's right to federal habeas review with the systemic interest in comity and the need for finality in judgments — particularly as the latter are reflected in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Rhines*, 544 U.S. at 273-78. "For these reasons," the Court wrote, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Staying a mixed petition "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* (citing 29 U.S.C. § 2254(b)(2)). "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay . . . ." *Id.* at 278. "On the other hand," *Rhines* continued,

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (total-exhaustion requirement not intended to "unreasonably impair the prisoner's right to relief")).

The Ninth Circuit recently restated *Rhines* as a three-part test. *Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015) A *Rhines* stay should be granted, *Mitchell* explained, only "when three

---

[4] The California Supreme Court's denial of Dr. Choi's petition for review can be viewed at that court's website: http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=2070346&doc_no=S216816 (last accessed Oct. 29, 2015).

conditions are met": 1) "the petitioner had good cause for his failure to exhaust"; 2) "his unexhausted claims are potentially meritorious"; and 3)"there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* (quoting *Rhines*, 544 U.S. at 277-78).

Where a stay is appropriate, to prevent petitioners from "dragging out indefinitely their federal habeas review," district courts "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 277-78. District courts thus ordinarily require a petitioner to pursue state-court remedies soon after a stay is granted, and to return to federal court promptly once state remedies are exhausted, the period on both ends being "normally 30 days." *Id.*

\* \* \*

## ANALYSIS

**1. Good Cause**

The court finds that Dr. Choi has good cause for not exhausting his state remedies before filing this federal petition. In short — in a predicament of which the case law is aware (*see Rhines*, 544 U.S. at 274-76) — had Dr. Choi not filed his federal petition, AEDPA's one-year statute of limitation (28 U.S.C. § 44(d)(1)) would have left him only 16 days after completing his state habeas efforts before barring him from federal relief.

AEDPA sets a one-year time bar on federal habeas petitions. 28 U.S.C. § 2244(d)(1). Various events can trigger the statute. *Id.* One such event starts time on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under this provision, AEDPA's one-year period runs from the date on which the United States Supreme Court concludes certiorari review or, if the petitioner has not sought certiorari review, from the last date on which he could have sought such review (this being 90 days from the date of the challenged judgment). *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999); Sup. Ct. R. 13 (90-day rule). A "properly filed" state habeas petition tolls the AEDPA deadline. *See* 28 U.S.C. § 2244(d)(2).

We can attach real dates to these abstractions. The California Supreme Court denied Dr. Choi's petition for review on May 14, 2014. (ECF No. 2 at 2.) The AEDPA time bar started running 90 days later, on August 12, when the deadline for seeking certiorari review in the U.S. Supreme

Court passed. (*See id.* at 3.) AEDPA's one-year period would thus have barred Dr. Choi from federal habeas review on August 12, 2015.[5] Dr. Choi did not file his state habeas petition until July 27, 2015. (*Id.* at 4.) That is only about two weeks before AEDPA's deadline. What did Dr. Choi do in the intervening 11 months? Most significantly, after the California Supreme Court denied his petition for review, he hired a new lawyer. (ECF No. 2 at 24.) This new attorney (his current one) was hired in January 2015, "completed his review of the record on appeal in April of 2015," and "completed his habeas investigation in July of 2015." (*Id.*) He filed Dr. Choi's state habeas petition on July 27 and, days later, filed this federal petition.

If Dr. Choi's state petition is "properly filed," then AEDPA's deadline is suspended and will not resume until his state proceedings are complete. *See* 28 U.S.C. § 2244(d)(2). Still, Dr. Choi had good cause to file his federal petition before state habeas review had fully exhausted his claims.

First, Dr. Choi filed his state habeas petition with 16 days left on the AEDPA time bar. Which is to say, had he waited to file his federal petition, once his state proceedings were complete, he would have had 16 days within which to seek federal relief. Facing roughly similar situations, courts in this district have held that a petitioner had good cause under *Rhines* for filing a federal petition before fully exhausting state relief. *See Leonardos v. Buddress*, No. C 06-07769 JSW, 2007 WL 1174825, *2-*4 (Apr. 19, 2007) (granting stay) ("Even with careful and diligent lawyering, a two-day window [before AEDPA deadline] . . . may not be enough time to file the federal habeas petition."); *DeLongis v. Ollison*, No. C 06-4236 PJH, 2006 WL 2355073, *3 (N.D. Cal. Aug. 14, 2006) (finding good cause for stay) ("[T]he window in which he has to file his federal petition is extremely narrow — approximately twelve days — and that absent a stay, any small delay in notification [from the state courts] to petitioner may result in forfeiture of his rights under AEDPA."). Maybe Dr. Choi could have moved more quickly in hiring his current attorney. A

---

[5] This could all be further complicated by considering the several other events that can trigger AEDPA's limitations period. *See* 28 U.S.C. § 2244(d)(1). For present purposes, given the scant facts before it, the court uses the comparatively clear trigger date stemming from the California Supreme Court's denial of review and the U.S. Supreme Court's 90-day certiorari filing deadline.

seven-month delay is probably not the model of promptness, and the court does not suggest that a similar delay would allow a finding of good cause in all *Rhines* cases. Here, though, it is not enough of a delay to deny him the important relief of staying his federal petition. Denial would be too harsh. This is especially true given that Dr. Choi had at least "already filed" his state petition before seeking relief in federal court. *See Leonardos*, 2007 WL 1174825, at *3.

Second, California law makes it impossible to say, with certainty, that Dr. Choi's state petition was "properly filed," so that it will toll the AEDPA limitations period under 28 U.S.C. § 2244(d)(2). California sets no exact deadline for habeas petitions. A California habeas petitioner must instead file without "substantial delay." *E.g., In re Douglas*, 200 Cal. App. 4th 236, 242-43 (2011); *In re Stankewitz*, 40 Cal. 3d 391, 396 n. 1 (1985) (citing cases). This nebulous period runs from the day the petitioner "know[s] or reasonably should have known" of the information supporting the habeas claim. *E.g., In re Robbins*, 18 Cal. 4th 770, 780 (1998). The U.S. Supreme Court has anticipated that situations like this can justify a *Rhines* stay. "A petitioner's reasonable confusion about whether a state filing would be timely," the Court has written, "will ordinarily constitute 'good faith' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). The *Pace* court reminded petitioners that they can mitigate such uncertainty "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.* (citing *Rhines*). Which is what Dr. Choi did.

This court thus finds that Dr. Choi had good cause under *Rhines* for filing his federal petition before his state remedies were fully exhausted.

\* \* \*

### 2. Potentially Meritorious Claims

The court also finds that Dr. Choi's unexhausted habeas claims are not "plainly meritless," but are instead "potentially meritorious." *See Rhines*, 544 U.S. at 277-78; *Mitchell*, 791 F.3d at 1171. Both unexhausted claims assert federal constitutional deficiencies. (ECF No. 1 at 5, 15.) One asserts the ineffective assistance of counsel; the other asserts an accumulation of error. (*Id.*) Both (as the court understands it) stem from trial counsel's failure to adduce evidence that Dr. Choi

15-cv-03492-LB

6

knew that his wife (allegedly) had a history of physically abusing the couple's children. (*Id.* at 5-13, 15 (petition), 33-38, 41 (brief).) A habeas claim based on such a failure is potentially meritorious. At least it is given the material that is before this court.

Dr. Choi's entire defense at trial (to the domestic-violence charge on which the jury convicted him) was that he had, in essence, pushed his wife away from their two-year-old son to prevent her from continuing to hit the child. (ECF No. 1 at 22-23, 25-26, 33.) His "entire defense," then, in legal terms, was that he had acted in "defense of others." (*See id.* at 2 ("entire defense"), 5 ("only defense"), 28-29, 33.) Under California law, defense-of-others is effective only if the defendant acted reasonably. *Cf. People v. Humphrey*, 13 Cal. 4th 1073, 1093-94 (1996) (discussing self-defense in homicide context); *see also* Cal. Penal Code § 694 ("Any other person, in aid or defense of the person about to be injured, may make resistance sufficient to prevent the offense.") The evidence that his trial lawyer failed to adduce — that Dr. Choi knew that his wife had previously physically abused the minor children — would have helped show that he had acted reasonably in defending the boy. (*See* ECF No. 1 at 33-34, 38.)

According to Dr. Choi, California has "long" allowed such evidence to show that, in defending others, a defendant acted reasonably. (ECF No. 1 at 36) (citing *People v. Davis*, 63 Cal. 2d 648, 656-57 (1965) and *Humphrey*, 13 Cal. 4th at 1094). The relevant California standard jury instruction indeed contemplates such evidence. *See* CALCRIM 3470. That instruction describes the "Defense of Another" and provides in relevant part: "If you find that the defendant knew that [the victim] had threatened or harmed others in the past, you may consider that information in deciding whether the defendant's conduct and beliefs were reasonable." *Id.* The trial court in Dr. Choi's case gave this instruction but, having no evidence on the point — that is, no evidence of the wife's alleged history of abusing the children — deleted the language just quoted. (ECF No. 1 at 9-10, 28-29.)

Dr. Choi argues that his trial lawyer's failure to adduce this evidence amounts to the constitutionally ineffective assistance of counsel. (ECF No. 1 at 33-38.) Under *Strickland v. Washington*, 466 U.S. 668 (1984), Dr. Choi argues that his trial lawyer's performance was not objectively reasonable, and that there is a "reasonable probability" that, but for his lawyer's errors,

the results of the trial would have been different. On the latter prong, Dr. Choi correctly writes, it is enough to show that an attorney's subpar work "undermine[s] confidence in the outcome" of the trial. (ECF No. 1 at 34-35) (quoting *Strickland*, 466 U.S. at 694).

The court agrees that Dr. Choi's arguments on this head are "potentially meritorious." He has proffered expert testimony that his trial lawyer's performance fell below an objective standard of care. (ECF No. 1 at 37, 53-66 (declaration).)[6] Dr. Choi also offers a potentially convincing argument that, had his trial lawyer proffered the evidence in question, the outcome might have been different. "This is especially true," as Dr. Choi notes, given that California law requires a unanimous verdict, *e.g., People v. Traugott*, 184 Cal. App. 4th 492, 500 (2010);[7] the missing evidence thus had to convince only one juror to acquit him. (*See id.* at 38) (citing *Wiggins v. Smith*, 539 U.S. 510, 534-37 (2003) (discussing single-juror effect under *Strickland* in death-penalty case); *Mak v. Blodgett*, 970 F.2d 614, 620-21 (9th Cir. 1992) (discussing *Strickland*). Dr. Choi's arguments are not "plainly meritless."

\* \* \*

### 3. Intentional Delay and Abusive Tactics

The court sees no indication that Dr. Choi has engaged in "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 278. Dr. Choi's post-judgment case seems to have been slowed mostly by his repeatedly changing lawyers. (His current attorney is his third since the start of his trial.) The court is not willing to say that such a delay is acceptable in all cases; but here, with the material that is currently before it, the court does not deem this undue delay; and, maybe more to the point, the court sees no evidence that Dr. Choi has changed lawyers for any improper purpose. The court has seen no evidence of otherwise abusive litigation tactics.

\* \* \*

---

[6] At this preliminary juncture, the court expresses no ultimate conclusion on whether the witness in question indeed qualifies as an expert, or whether his work would be otherwise admissible.

[7] "[A] criminal defendant has a fundamental right under the California Constitution to a trial by a 12–person jury. This right requires that all 12 jurors deliberate and reach a unanimous verdict . . . ." *Traugott*, 184 Cal. App. 4th at 500.

# CONCLUSION

The court stays Dr. Choi's petition and will hold it in abeyance until he has exhausted his habeas claims in the California state courts. The court cautions Dr. Choi that he must act diligently to promptly see his state action through to completion. Nothing in this order will prevent the respondent, once she is required to answer, from making arguments contrary to the conclusions contained herein.

The court directs the clerk of court to administratively close this case. (This administrative closure has no legal effect. It is purely a matter of internal court management.) Once the state proceedings are complete, and all his claims fully exhausted before the California state courts, Dr. Choi will have 30 days within which he *must* notify this court that the state proceedings are finished. He may then move to reopen this case, lift this stay, and resume these proceedings.

This disposes of ECF No. 2.

**IT IS SO ORDERED.**

Dated: November 24, 2015

LAUREL BEELER
United States Magistrate Judge