UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JAY CHOI,<br>        Plaintiff,<br>    v.<br>LAURA GARNETTE,<br>        Defendant. | Case No. 15-cv-03492-LB<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 10 |

## INTRODUCTION

Petitioner Jay Choi filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dr. Choi's petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition to show cause why the writ should not be granted.

## STATEMENT

On January 11, 2008, Dr. Choi physically confronted his wife, Haeeun Choi. (Amended Petition, ECF No. 10 at 2.[1]) The Santa Clara District Attorney charged Dr. Choi in 2009 with exhibiting a deadly weapon and domestic violence with corporal injury. (*Id.* at 4.) A jury acquitted

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.
ORDER (No. 15-cv-03492-LB)

1   him of exhibiting a deadly weapon and convicted him of domestic violence. (*Id.*) The court
2   sentenced Dr. Choi to 94 days of jail time to be served through electronic monitoring and three
3   years of probation. (*Id.*) The probationary period was increased later to five years. (*Id.*)

4   Dr. Choi appealed his conviction to the California Court of Appeal, Sixth Appellate District,
5   which affirmed the conviction and sentence on January 22, 2014. (*Id.; see People v. Choi*, No.
6   H036360, 2014 WL 243405 (Cal. Ct. App Jan. 22, 2014).) Dr. Choi filed a petition for review in
7   the California Supreme Court, which denied review on May 14, 2014. (ECF No. 10 at 4.) The case
8   became final on appeal on August 12, 2014. (*Id.*)

9   Dr. Choi filed his federal habeas petition on July 29, 2015. (*Id.* at 4-5.) He asked the court to
10  hold the petition in abeyance while he exhausted state remedies, and the court granted the request.
11  (*Id.* at 5.) On July 27, 2015, he filed a habeas petition in Santa Clara County Superior Court, and
12  the court denied it on September 8, 2015. (*Id.*) On September 30, 2015, he filed a habeas petition
13  in the California Court of Appeal, Sixth Appellate District, which denied it on November 10,
14  2015. (*Id.*) On December 7, 2015, he filed a habeas petition in the California Supreme Court,
15  which denied it on January 20, 2016. (*Id.*)

16  Dr. Choi filed an amended federal habeas petition on February 18, 2016. Dr. Choi completed
17  the terms of his probation on November 12, 2015, and Santa Clara County Superior Court set
18  aside his conviction and dismissed the information on January 12, 2016. (Petition to Expunge
19  Record, ECF No. 10-1 at 108.) Mr. Choi's counsel served a copy of the petition on respondent on
20  February 22, 2016. (Amended Certificate of Service, ECF No. 12.)

21  **ANALYSIS**

22  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
23  pursuant to the judgment of a State court only on the ground that he is in custody in violation of
24  the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the
25  writ or issue an order directing the respondent to show cause why the writ should not be granted,
26  unless it appears from the application that the applicant or person detained is not entitled thereto."
27  28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are
28  vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*,

ORDER (No. 15-cv-03492-LB)    2

908 F.2d 490, 491 (9th Cir. 1990).

Dr. Choi asserts that his conviction was "unlawfully and unconstitutionally imposed in violation of his constitutional rights as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Trial counsel rendered ineffective assistance of counsel in failing to present readily available evidence to support the only defenses presented." (Amended Petition, ECF. No 10 at 6.) He alleges federal constitutional claims that are cognizable under 28 U.S.C. § 2254. The court thus orders an answer from the respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. Respondent shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondents must file with the answer and serve on the petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

2. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: February 24, 2016

LAUREL BEELER
United States Magistrate Judge

ORDER (No. 15-cv-03492-LB)              3